**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **AKIMBEE BURNES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **Civil Action No.** |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT FOR DAMAGES

**COMES NOW AKIMBEE BURNS** and file this her complaint against the above named

Defendant, respectfully showing to the Court the following:

1.

Plaintiff is a prior patient of Tobi Okafo, M.D. and South Central Primary Care Center,

Inc., (hereinafter "the tortfeasors"), Plaintiff resides in Ben Hill County, Georgia, her residence

and the acts or omissions occurred within the jurisdiction of this Court, and she brings this

action to recover for the injuries and damages suffered by her as the result of the negligence of

the tortfeasors.

2.

On or about March 13, 2018, Plaintiff provided notice to the tortfeasors and to the United

States Department of Health and Human Services, Office of the General Counsel, General Law

Division, Claims and Employment Law Branch notice of Plaintiff's claims pursuant to the

Federal Tort Claims Act demanding One Million Dollars ($1,000,000.00) to resolve the claim.

Attached hereto as Exhibit 1 is a true and correct copy of the claim.   The exhibits were provided

on a computer disc. The Department of Health and Human Services responded on behalf of the

tortfeasors.   A true and correct copy of said response is attached hereto as **Exhibit 2** and incorporated herein by reference.  Said response, dated April 4, 2018, acknowledged receipt of the claim.  Later, Plaintiff provided two supplemental requests for review, with additional records.  True and authentic copies of these letters, dated May 17, 2018 and July 19, 2018 are attached hereto and incorporated herein by reference as Exhibits 3 and 4.  On July 31, 2018, the Department of Health and Human Services formally denied this claim.  A true and correct copy of the letter is attached hereto and incorporated herein by reference ax Exhibit 5.  Said letter further provided that the denial was a final determination and a denial authorizing Plaintiff to immediately file suit in the United States District Court.

3.

The United States of America is a proper Defendant in this action because the claims against the tortfeasors are brought under the Federal Tort Claims Act pursuant to 28 U.S.C. §1346, the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. 233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73, 42 U.S.C. §201 and because Okafo was acting in the course and scope of her employment and her duties with such a health center.

4.

This claim is properly subject to the Federal Tort Claims Act and jurisdiction and venue are proper in this Court.  See 28 U.S.C. §1346 and 28 U.S.C. §2401.

5.

Tobi A. Okafo is a physician authorized and licensed by the State of Georgia to practice medicine and, at all times relevant hereto, was practicing medicine at South Central Primary Care Center, Inc.  She is a resident of Ben Hill County, Georgia, and, on account of the facts set

forth herein, these claims brought against the Defendant as responsible party for her negligence, are subject to the jurisdiction and venue of this Court.  She may be served at 119 Norman Dorminy Drive, Suite B, Fitzgerald, Georgia.

6.

South Central Primary Care Center, Inc. (hereinafter "South Central"), is a Georgia corporation which may be served with process upon its registered agent, R. B. Tucker, Jr., 406 W. 5th Street, Ocilla, Georgia.  On account of the facts set forth herein, these claims brought against the Defendant as responsible party for the tortfeasor, are properly subject to the jurisdiction and venue of this Court.

7.

South Central is vicariously liable for the negligence of Okafo.

8.

The staff of South Central Primary Care Center, Inc., provided medical care to the Plaintiff for a number of years.

9.

On or about October 19, 2016, Okafo ordered a regular pap smear on Plaintiff.

10.

The pap smear results came back as abnormal, with atypical squamous cells.

11.

The abnormal pap smear records were placed into the record of the Plaintiff.

12.

The tortfeasors did not notify the Plaintiff of the abnormal results from the pap smear.

13.

The tortfeasors did not take any action with respect to the abnormal pap smear, did not notify the Plaintiff of the abnormal findings, and did not give her any advance, direction or warning.

14.

Plaintiff returned to the tortfeasors' offices following the abnormal pap smear but Okafo acted as if she had no knowledge of the abnormality.

15.

Ultimately, Plaintiff was seen at the Howard Center for Women's Health in Tifton, Georgia, where the physicians there inquired as to Plaintiff's historical pap smears.

16.

Plaintiff returned to Okafo and asked Dr. Okafo if her pap smears were all normal and Dr. Okafo specifically said that they were all normal.  Said statement was false and inconsistent with the records kept by Defendants.

17.

In June of 2017, Plaintiff was diagnosed with malignant squamous cell carcinoma.

18.

Since her diagnosis with squamous cell carcinoma, Plaintiff has undergone numerous medical treatments and therapies, including radiation and chemotherapy.

19.

As a direct and proximate result of the acts and omissions of the tortfeasors, Plaintiff has incurred numerous medical expenses for which she seeks recovery.  These medical expenses include, but are not limited to the following:

| Provider | Date | Amount |
|---|---|---|
| Tift Regional Medical Center | | |
| | 6/28/2017 | 576.74 |
| Radiation Therapy | 7/26/2017 | 1846.8 |
| Imaging | 7/26/2017 | 7,419.27 |
| Radiation Therapy | 7/27-7/31/17 | 18,556.93 |
| Clinic | 7/27-7/31/17 | 140.40 |
| | 7/27-7/31/17 | 1,639.62 |
| Chemo/Oncology | 8/1/2017 | 37,602.50 |
| Radiation Therapy | 8/2-8/31/17 | 20,551.61 |
| Clinic | 8/2-8/31/17 | 561.60 |
| Oncology | 9/1/2017 | 7,054.37 |
| Imaging | 9/14/2017 | 4,263.07 |
| Imaging | 9/18/2017 | 4,009.12 |
| Oncology | 9/7-9/30/17 | 21,108.58 |
| Oncology | 10/1/2017 | 12,242.22 |
| Radiation Therapy | 10/2-10/31/17 | 14,578.75 |
| Clinic | 10/2-10/31/17 | 280.80 |
| | 11/17-11/30/17 | 140.40 |
| Oncology | 12/21/2017 | 535.47 |
| Oncology | 1/1/2018 | 2,709.49 |
| Imaging | 1/3/2018 | 9,266.07 |
| Imaging | 2/14/2018 | 5,621.71 |
| Imaging | 2/14/2018 | 2,715.08 |
| Radiology Therapy | 2/2-2/28/18 | 140.40 |
| | | ----------------------- |
| | | 173,561.00 |
| Memorial Physician Services | 1/22/2018 | 183.00 |
| | | ----------------------- |
| | | 183.00 |
| South Georgia Medical Center | | |
| | 8/7/2017 | 404.00 |
| | 8/14/2017 | 293.00 |
| | 8/29/2017 | 936.00 |
| | 9/5/2017 | 5845.25 |
| | | ----------------------- |
| | | 7478.25 |

| | | | |
|---|---|---|---|
| Medical Center of Central Georgia | | 743.70 | |
| | | | ----------------------- |
| | | | 743.70 |
| UOG | 6/28/2017 | 40,801.80 | |
| | | | ----------------------- |
| | | | 40,801.80 |
| TRMC Oncology Professionals | 7/31/2017 | 646.50 | |
| | | | ----------------------- |
| | | | 646.50 |
| South Georgia Radiology | 7/26/2017 | 438.00 | |
| | | | ----------------------- |
| | | | 438.00 |
| | | | ----------------------- |
| Emory University | 3/15/2018 | 37544.52 | |
| | 4/10/2018 | 294.00 | |
| | | | ----------------------- |
| | | | 37838.52 |
| TOTAL | | | 261,690.77 |

Treatment is ongoing and recent chemotherapy treatments have been performed. Additional medical bills are being obtained and they will be provided to Defendant.

20.

As a direct and proximate result of the negligence of the tortfeasors, Plaintiff has suffered lost earnings and a diminished capacity to work and labor.

21.

As a direct and proximate result of the negligence of the tortfeasors, Plaintiff has suffered significant general damages including, but not limited to, shock, worry, anxiety, pain, suffering, and other general damages.

22.

Plaintiff brings this action to recover all damages allowed by law.

23.

Okafo deviated from the applicable standard of care in her treatment of Akimbee Burns as set forth more particularly in the Affidavit of James M. Wheeler, M.D., a copy of which is attached hereto as Exhibit 6 and incorporated herein by reference.

24.

Time is of the essence and Plaintiff respectfully requests an expedited pre-discovery scheduling conference, a limited discovery period, and an expedited trial.

**WHEREFORE**, Plaintiffs demand:

(a)     That process issue and that summons and complaint be served on the Defendants as provided by law;

(b)     For verdict and judgment against the Defendants, jointly and severally, in an amount in excess of $10,000.00;

(c)     That all costs be taxed upon the Defendants;

(d)     That Plaintiff have an expedited trial before the Court as provided in the Federal Tort Claims Act; and

(e)     That Plaintiff have such other and further relief as the Court deems just and appropriate.

**SPURLIN & SPURLIN**

/s/ John C. Spurlin
JOHN C. SPURLIN
State Bar No. 673230

Address:
1510 Whiddon Mill Road
P.O. Box 7566                                    Attorneys for Plaintiff
Tifton, Georgia  31793-7566

## CERTIFICATE OF SERVICE

**GEORGIA, TIFT COUNTY**

I hereby certify that the within and foregoing Summons and Complaint were this day served upon the following by mailing a true copy thereof to:

ATTORNEY GENERAL                            Certified Mail Receipt No.
MIDDLE DISTRICT OF GEORGIA                  70161370000215835018
ATTEN:  CIVIL PROCESS
P O BOX 1702
MACON GA 31202-1702

ATTORNEY GENERAL OF THE UNITED STATES
DEPARTMENT OF JUSTICE                       70161370000215835025
ROOM 511
10TH & CONSTITUTION AVENUE
WASHINGTON DC 20530

TOBI OKAFO
SOUTH CENTRAL PRIMARY CARE                  70161370000215835001
119 NORMAN DORMINY DRIVE
FITZGERALD GA 31750

R B TUCKER JR                               70161370000215834998
REGISTERED AGENT
SOUTH CENTRAL PRIMARY CARE
406 WEST 5TH STREET
OCILLA GA 31774

Under sufficient postage to assure prompt delivery.

This 9th day of August, 2018.

/s/John C. Spurlin
Of Counsel for Plaintiff