IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| AKIMBEE BURNS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No.: 1:18-CV-151 (LJA) |
| | * | |
| THE UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

ANSWER OF THE UNITED STATES OF AMERICA

**COMES NOW,** the above-named Defendant, the United States of America, by and through the United States Attorney for the Middle District of Georgia and answers the Complaint of the Plaintiff as follows:

ANSWER TO NUMERICAL PARAGRAPHS

1. Answering paragraph 1, Defendant admits only that Plaintiff was a patient of Dr. Tobi Okafo and South Central Primary Care Center ("South Central"), both of which provided care within this judicial district. Defendant denies any allegation of negligence and lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Plaintiff's residency.

2. Answering paragraph 2, first and second sentences, Defendant admits it received an administrative tort claim from the Plaintiff on March 19, 2018, consistent with the document at Exhibit 1 of the Complaint. Answering the third

sentence, Defendant admits.  Answering the fourth and fifth sentences, Defendant admits only that it acknowledged receipt of the administrative tort claim consistent with the document at Exhibit 2 of the Complaint.  Answering the sixth and seventh sentences, Defendant admits it received the correspondence at Exhibits 3 and 4 of the Complaint.  Answering the eighth and ninth sentences, Defendant admits it denied the administrative tort claim as cited in Exhibit 5.  Answering the tenth and last sentence, Defendant admits.

3. Answering paragraph 3, Defendant admits.

4. Answering paragraph 4, Defendant admits.

5. Answering paragraph 5, Defendant admits except that Dr. Okafo is not a proper party defendant in an action brought under the Federal Tort Claims Act pursuant to 28 U.S. Code § 2679, and neither reference to nor service upon her has any legal meaning or force and effect.

6. Answering paragraph 6, Defendant admits except that South Central is not a proper party defendant in an action brought under the Federal Tort Claims Act pursuant to 28 U.S. Code § 2679, and neither reference to nor service upon it has any legal meaning or force and effect.

7. Answering paragraph 7, Defendant denies.

8. Answering paragraph 8, Defendant admits.

9. Answering paragraph 9, Defendant admits.

10. Answering paragraph 10, Defendant admits.

11. Answering paragraph 11, Defendant admits.

12. Answering paragraph 12, Defendant denies and avers that South Central attempted to call the Plaintiff at her contact number, attempted to call the Plaintiff's emergency contact listed in her records, and sent a letter to the Plaintiff at her address of record requesting she contact the clinic.

13. Answering paragraph 13, Defendant denies and incorporates its answer to paragraph 12 above.

14. Answering paragraph 14, Defendant denies.

15. Answering paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

16. Answering paragraph 16, Defendant denies.

17. Answering paragraph 17, Defendant admits.

18. Answering paragraph 18, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

19. Answering paragraph 19, Defendant denies.

20. Answering paragraph 20, Defendant denies.

21. Answering paragraph 21, Defendant denies.

22. Answering paragraph 22, Defendant denies.

23. Answering paragraph 23, Defendant denies.

24. Answering paragraph 24, Defendant notes this is not a statement of fact, and thus no response is necessary.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Complaint sets forth Plaintiff's Prayer for Relief for which no response is required. To the extent that the Court requires a response, Defendant denies the allegations of negligence set forth in the Complaint and denies Plaintiff's Prayer for Relief.

## ADDITIONAL DEFENSES

## FIRST DEFENSE

The injuries or damages, or both, alleged in the Complaint were proximately caused by the acts and omissions to act of the Plaintiff and/or others not party to this action.

## SECOND DEFENSE

The injuries or damages, or both, alleged in the complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

## THIRD DEFENSE

Plaintiff's claim for damages is limited to damages recoverable under 28 U.S.C. § 2674.

## FOURTH DEFENSE

If Defendant is found liable, which Defendant expressly denies, Plaintiff is limited to the amount set forth in her administrative claim.  28 U.S.C. § 2675(b).

## FIFTH DEFENSE

Defendant is entitled to have its liability for Plaintiff's damages, if any, reduced according to the Georgia law of comparative fault.  GA. CODE ANN. § 51-12-31 (West 2018).

## SIXTH DEFENSE

Defendant and its agents, employees, and representatives exercised due care and diligence at all times and in all matters alleged in the Complaint, and no act or failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss claimed by Plaintiff.

## SEVENTH DEFENSE

Attorney's fees are taken out of the judgment or settlement and are governed by statute.  28 U.S.C. § 2678.

## EIGHTH DEFENSE

Defendant is not liable for prejudgment interest or punitive damages under 28 U.S.C. § 2674.

## NINTH DEFENSE

Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

## TENTH DEFENSE

The Plaintiff or parties other than the Defendant are in whole or in part responsible for the Plaintiff's injuries such that the Court must consider their proportion of fault pursuant to GA. CODE ANN. § 51-12-33 (West 2018).

## ELEVENTH DEFENSE

Defendant asserts that it has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

**WHEREFORE**, having answered Defendant prays that the claims and demands of the Plaintiff be denied, that it have judgment in its favor against the Plaintiff, and that it have such other and further relief as to the Court may seem just.

CHARLES E. PEELER
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA
ATTORNEY FOR THE DEFENDANT


By: /s/ Stewart R. Brown
Stewart R. Brown
Assistant United States Attorney
Georgia State Bar # 089650
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Ga. 31202-1702
Telephone: (478) 621-2690
Facsimile: (478) 621-2737
Email: Stewart.Brown@usdoj.gov

## CERTIFICATE OF SERVICE

I, Stewart R. Brown, Assistant United States Attorney, hereby certify that on the 12th day of October, 2018, I electronically filed the above and foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>John C. Spurlin
>Spurlin & Spurlin, LLC
>Attorney for Plaintiff

I also certify that I have mailed by the United States Postal Service the documents and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

>N/A

>/s/ Stewart R. Brown
>Stewart R. Brown
>Assistant United States Attorney