# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| PEGGY BATTON, Executrix of the Estate of Akimbee Burns, | : |
| Plaintiff, | : |
| v. | : Case No. 1:18-CV-151 (LAG) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

| | |
|---|---|
| T'KAYSHZA KING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Case No. 1:19-CV-202 (LAG) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

## ORDER

Before the Court are Plaintiff Peggy Batton's Motion to Enforce Settlement (Case No. 1:18-CV-151, Doc. 16) and Plaintiffs T'Kayshza King and Peggy Batton's Motion to Approve Settlement (Case No. 1:19-CV-202, Doc. 9). For the reasons set forth below, the Motion to Approve Settlement is **GRANTED** and the Motion to Enforce Settlement is **DENIED AS MOOT**.

## BACKGROUND

On August 9, 2018, Akimbee Burns initiated Case No. 1:18-CV-151 (the Survival Action), against Defendant the United States of America. (Survival Action, Doc. 1.) Following Burns' death, the Court substituted Plaintiff Peggy Batton, as executrix of Burns' estate, on August 6, 2019. (Doc. 13.) On November 13, 2019, Plaintiffs T'Kayshza King and Peggy Batton, as conservator of Burns' surviving minor child, L.T., initiated Case No. 1:19-CV-202 (the Wrongful Death Action) against Defendant. Both suits, which Plaintiffs bring under the

Federal Tort Claims Act (FTCA), allege that Defendant and its employees were negligent in failing to properly care for and treat Burns, resulting in damages, injuries, and ultimately her death. (Survival Action, Doc. 1 ¶¶ 3–23; Wrongful Death Action, Doc. 1 ¶¶ 3–22.) On January 21, 2020, Batton filed a Motion to Enforce Settlement in the Survival Action, to which Defendant responded on February 25. (Survival Action, Docs. 16, 18.) On March 20, 2020, the Parties informed the Court that they had reached a global settlement, but that finalization of the settlement agreement will require approval from the Court and the Department of Justice. On April 22, 2020, Plaintiffs filed the instant Motion to Approve Settlement, seeking the Court's approval to settle the claims brought on behalf of L.T. pursuant to O.C.G.A. § 29-3-3(e). (Wrongful Death Action, Doc. 9.)

Under the settlement agreement, Defendant agrees to pay Plaintiffs a total settlement amount of $2,100,000.00 in exchange for a dismissal with prejudice and a release of all claims by and between the parties. (*Id.* ¶ 2.) Plaintiffs propose to allocate the settlement with $900,000.00 to the Survival Action and $1,200,000.00 to the Wrongful Death Action. (*Id.* ¶ 5.) Attorney's fees, which are limited to 25% of the settlement amount under the FTCA, *see* 28 U.S.C. § 2678, cumulatively total $525,000.00 for both suits, with $225,000.00 for the Survival Action and $300,000.00 for the Wrongful Death Action. (*Id.* ¶ 5, at 4-5.) The cumulative costs of litigation for both suits total $9,474.88, with $9,074.88 for the Survival Action and $400.00 for the Wrongful Death Action. (*Id.* ¶ 5, at 4-5.) After subtracting fees and costs, the net proceeds from the Survival Action settlement are $665,925.12, which will be distributed to the beneficiaries of Burns' estate as provided by her will.[1] (*Id.* at 4; Doc. 9-1 at 2.) Net proceeds from the Wrongful Death Action settlement are $899,600.00, which Plaintiffs propose dividing equally between King and L.T. (Doc. 9 at 5.) Thus, L.T.'s net proceeds for settling the Wrongful Death Action total $449,800.00.

Defendant will pay the total settlement amount to Plaintiff's counsel's trust account, and Plaintiff's counsel will then transfer L.T.'s $449,800.00 net proceeds from the Wrongful Death Action into a trust created pursuant to O.C.G.A. § 29-3-3(h). (*Id.* ¶ 6.) The trust is being created and managed by Forge Consulting LLC. (Id.) Pursuant to the trust agreement, the trust

---

[1] Burns' will beneficiaries are Batton, King, and L.T. (Doc. 9-1 at 2.)

will provide L.T. with support, maintenance, and educational expenses until her twenty-fifth birthday, at which time the trust will terminate and remaining assets will be distributed to L.T. in fee simple. (Doc. 9 at 6-8.)

## DISCUSSION

In Georgia, court approval is required to settle a minor's claim "[i]f legal action has been initiated and the proposed gross settlement of [the] minor's claim is more than $15,000.00." O.C.G.A. § 29-3-3(e). The "gross settlement" amount includes "the present value of all amounts paid or to be paid in settlement of the claim, including cash, medical expenses, expenses of litigation, attorney's fees, and any amounts paid to purchase an annuity or other similar financial arrangement." *Id.* § 29-3-3(a). Such settlements "shall be final and binding upon all parties, including the minor." *Id.* § 29-3-3(i). Because L.T.'s gross settlement from the Wrongful Death Action is more than $15,000.00, court approval is required to compromise her claims. Batton—L.T.'s conservator, grandmother, and natural guardian—seeks to compromise L.T.'s claims. (Doc. 9 at 2.) As L.T.'s conservator, Batton may seek court approval of the proposed settlement. O.C.G.A. § 29-3-3(b), (g).

After careful review of the proposed settlement, trust agreement, and itemized list of litigation expenses, the Court finds that the global settlement reached in the two pending lawsuits is fair, just, and reasonable under the circumstances and that the settlement is in the best interests of L.T. Further, the attorney's fees and expenses incurred are reasonable given the risks Plaintiffs' counsel undertook, the duration of the litigation, and the results reached for Plaintiffs. The apportionment of the settlement proceeds between the Survival Action and Wrongful Death Action is fair, just, and reasonable, as is the allocation of the Wrongful Death Action's proceeds between King and L.T. Pursuant to O.C.G.A. § 29-3-3(h), the Court finds that the creation of the trust on the terms submitted to the Court is in the best interests of L.T.

## CONCLUSION

For the reasons set forth above, the Motion to Approve Settlement is **GRANTED** and the Motion to Enforce Settlement is **DENIED AS MOOT**. The Parties are **ORDERED** to file a status report on the settlement process on **Tuesday, May 12, 2020** and every fifteen days thereafter until all claims in these cases are dismissed. The Clerk of Court is **DIRECTED**

3

to administratively close these cases.

      **SO ORDERED**, this 27th day of April, 2020.

                              <u>/s/ Leslie A. Gardner</u>
                              **LESLIE A. GARDNER, JUDGE**
                              **UNITED STATES DISTRICT COURT**